```
                              Form 3015-1 - Chapter 13 Plan
                               UNITED STATES BANKRUPTCY COURT
                                   DISTRICT OF MINNESOTA
```
_____
                        **POST-CONFIRMATION MODIFIED CHAPTER 13 PLAN**
In re:       LORENZO REED
             FRANCES MICHELE REED
                                                        Dated: NOVEMBER 29, 2006
_____
DEBTOR
                                                        Case No.   05-45639 NCD
_____
*In a joint case,*
*debtor means debtors in this plan.*
_____

**1. DEBTOR'S PAYMENTS TO TRUSTEE —**
a. As of the date of this plan, the debtor has paid the trustee $ __32,450.00__ .
b. After the date of this plan, the debtor will pay the trustee $ __1,900.00__ per __MONTH__ for __39__ MORE months, beginning __December, 2006__ for a total of $ __74,100.00__ __MORE__ . The minimum plan length is __X__ 36 or ___ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee _____
d. The debtor will pay the trustee a total of $ __74,100.00__ MORE [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ __7,410.00__ MORE, [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

|   | Creditor | Monthly Payment | Number of Months | Total Payments |
|---|----------|-----------------|------------------|----------------|
| a. | _____ | $_____ | _____ | $_____ |
| b. | _____ | $_____ | _____ | $_____ |
| c. | TOTAL |  |  | $_____ |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

|   | Creditor | Description of Property |
|---|----------|-------------------------|
| a. | _____ | _____ |
| b. | _____ | _____ |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

|   | Creditor | Description of Claim |
|---|----------|----------------------|
| a. | _____ | _____ |
| b. | _____ | _____ |
| c. | _____ | _____ |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default.

|   | Creditor | Amount of Default | Monthly Payment | POST MOD Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|----------|-------------------|-----------------|-------------------------------|--------------------|----------------|
| a. | WASHINGTON MUT | $ 990.16 | $ 83.00 | 2 POSTMOD | 12 | $ 990.16 |
| b. | WESTGATE INVEST | $ 10,150.00 | $ 846.00 | 2 POSTMOD | 12 | $ 10,150.00 |
| c. | _____ | $_____ | $_____ | _____ | _____ | $_____ |
| d. | TOTAL |  |  |  |  | $ 11,140.16 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | $ | | $ | | | $ |
| b. | $ | | $ | | | $ |
| c. | $ | | $ | | | $ |
| d. **TOTAL** | | | | | | $ |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | POST MOD Beginning in Month # | (Monthly Payment) | X | Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶ 3) | = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a. IRS | $ 9,173.10 | $ 9,173.10 | 6 | 2 | $ 789.50 | | 12 | | $ 9,474.00 | | $ / | | $ 9,474.00 |
| b. | $ | $ | | | $ | | | | $ | | $ | | $ |
| c. | $ | $ | | | $ | | | | $ | | $ | | $ |
| d. TOTAL | | | | | | | | | | | | | $ 9,474.00 |

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed. Property tax claims shall be paid in full per the claim whether filed as secured, priority, or general claim.

| Creditor | Estimated Claim | Monthly Payment | POST MOD Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 300 LEFT | $ 300.00 | 1 | 1 | $ 300.00 |
| b. Domestic support | $ | $ | | | $ |
| c. IRS | $ 14,733.55 | $ 1,227.80 | 17 | 12 | $ 14,733.55 |
| d. MN Dept. of Rev. * | $ 5,892.25 | $ 491.02 | 17 | 12 | $ 5,892.25 |
| e. | $ | $ | | | $ |
| f. TOTAL | | | | | $ 20,925.80 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: _____ The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | $ |
| b. | | | | | | $ |
| c. TOTAL | | | | | | $ |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 25,150.04 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $_____.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 99,991.58 .
c. Total estimated unsecured claims are $ 99,991.58 [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
*THE SECURED PORTION OF THIS CLAIM SHALL BE PAID AS FILE; ANY PRIORITY PORTION SHALL BE PAID IN FULL UNDER PARAGRAPH 3; ANY GENERAL UNSECURED PORTION SHALL BE PAID UNDER PARAGRAPH 9.

**14. SUMMARY OF PAYMENTS** —*POST MOD*
Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 7,410.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 11,140.16
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 9,474.00
Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 20,925.80
Separate Classes [Line 10(c)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 25,150.04
**TOTAL [must equal Line 1(d)]** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 74,100.00

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*

Signed     /e/Lorenzo Reed
LORENZO REED, DEBTOR

Signed     /e/Frances Michele Reed
FRANCES MICHELE REED, DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**LORENZO REED**
**FRANCES MICHELE REED**
Debtor(s).

**SIGNATURE DECLARATION**

Case No. __05-45639__

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: __November 29, 2006__

X _____
Signature of Debtor or Authorized Representative

X _____
Signature of Joint Debtor

**LORENZO REED**
Printed Name of Debtor or Authorized Representative

**FRANCES MICHELE REED**
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re: **LORENZO REED**
       **FRANCES MICHELE REED**

**UNSWORN DECLARATION OF PROOF OF SERVICE**

Debtor(s).

Case No. 05-45639

Susan Steging, employed by Craig Cook, Esq., with office address of 1821 University Avenue, Suite South 217, St Paul, MN, 55104, declares that on 12/04/06 I served the POSTCONFIRMATION NOTICE AND MOTION TO MODIFY CHAPTER 13 PLAN and POSTCONFIRMATION MODIFIED CHAPTER 13 by first-class U. S. mail, postage prepaid upon each of the entities listed on the matrix and I declare, under penalty of perjury, that the foregoing is true and correct.

Date: 12/04/06                        Signed: /e/ Susan Steging

ALTERNATIVE CHOICE HEALTH SVCS
2501 GRAND ST
MINNEAPOLIS MN 55416

AMERICREDIT C/O INSUREX
11999 KATY FRWY STE 160
HOUSTON TX 77079

AMERICREDIT FNCL
PO BOX 78143
PHOENIX AZ 85062-8143

ANNA BROWN
180 WAYZATA
ST PAUL MN 55117

ARCH WIRELESS
1100 W GROVE PKWY 102
TEMPE AZ 85283

AT& T BROADBAND
10 RIVER PARK PLAZA
SAINT PAUL MN 55107

AT&T BROADBAND
C/O INTERSTATE CREDIT CONTROL
11300 MINNETONKA MILLS RD
MINNETONKA MN 55305

BANKCARD SVCS MASTERCARD
PO BOX 17313
BALTIMORE MD 21297-1313

CAPITAL ONE VISA
PO BOX 85167
RICHMOND VA 23285

CHARTER COMM
30 1ST AV
BUFFALO MN 55313

CREDIT ACCEPTANCE CORP
PO BOX 513
25505 W 12 MILE RD
SOUTHFIELD MI 48037

DIAL AMERICA MKTG
960 MACATHUR BLVD
MAHWAH NJ 07495-0010

FASHION BUG
PO BOX 856021
LOUISVILLE KY 40285-6021

GUARDIAN NATL
17570 W 12 MILE RD
SOUTHFIELD MI 48076

INTERNAL REVENUE SVC
ATTN STOP 5700
316 N ROBERT
SAINT PAUL MN 55101

LIBERTY CREDIT
15025 GLAZIER AV 203
SAINT PAUL MN 55124

MARSHALL FIELDS
PO BOX 94578
CLEVELAND OH 44101-4578

MINNESOTA DEPT REVENUE
551 BKY SECTION
PO BOX 64447
SAINT PAUL MN 55164

NATL LOAN RECOVERIES
C/O GURSTEL LAW FIRM
401 3RD ST #590
MINNEAPOLIS MN 55401

ORCHARD BANK
PO BOX 80084
CORCORAN CA 93212-0084

SHERBURNE CO JAIL C/O
CAROTT & ASSO
PO BOX 206
MILACA MN 56353

ST JOSEPH CTY SUPPORT/COLLECT
227 W JEFFERSON BLVD
SOUTH BEND IN 46601

STERLING BANK & TRUST C/O
IMPERIAL COLLECTION SVC
2529 VAN NESS AV
SAN FRANCISCO CA 94109

US WEST CELLULAR
PO BOX 173821
DENVER CO 80217-3821

US WEST/ RECEIVABLE COLLECT
6373 E TANQUE VERDE RD 200
BOX 325001
TUCSON AZ 85751-2500

WASHINGTON MUTUAL
PO BOX 23990
OAKLAND CA 94623-0990

WESTGATE INVESTMENT
3561 W 44 ST
MINNEAPOLIS MN 55410

XCEL
C/O AFFILIATED CREDIT SVC
PO BOX 1329
ROCHESTER MN 55903

XCEL ENERGY
ATTN KATHY GERAGHTY
1518 CHESTNUT AV N
MINNEAPOLIS MN 55403